UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARYL A. SANDERS,

    Plaintiff,

v.                                                             Case No. 3:21cv3871-LC-HTC

FLORIDA DEPARTMENT
 OF CORRECTIONS and OKALOOSA
 CORRECTIONAL INSTITUTION,

    Defendants.
_____/

<u>ORDER and</u>
<u>REPORT AND RECOMMENDATION</u>

Plaintiff Daryl Sanders, a prisoner proceeding *pro se*, initiated this civil rights action in the Middle District of Florida. ECF Doc. 1. On December 3, 2021, the Middle District transferred Plaintiff's handwritten complaint and pending motions to this District. ECF Doc. 7. The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon consideration, the undersigned recommends this case be DISMISSED WITHOUT PREJUDICE because Plaintiff is a three-striker under 28 U.S.C. § 1915(g), who did not pay the Court's filing fee, and has not shown that he is under imminent danger of serious physical injury.

## I.   BACKGROUND

In September 2021, Plaintiff filed a handwritten document titled "Petition for Writ of Mandamus Motion for a Civil Suit of Monetary Damages," which the clerk docketed as a civil rights complaint pursuant to 42 U.S.C. § 1983.  ECF Doc. 1.  In the "complaint," Plaintiff sues the Florida Department of Corrections and Okaloosa Correctional Institution for an alleged use of excessive force incident which occurred on August 7, 2021, and resulted in Plaintiff being sprayed with a "reactionary lethal chemical agent in his face, eyes, ear, and skin . . . for no reason."  ECF Doc. 1 at 1-3.  Plaintiff claims he was not immediately taken to the shower to "remove the reactionary chemical agent before it caused permanent injury to [his] eyes, ears, nose, breathing complications, and skin rash around the neck" in violation of his Eighth Amendment rights.  *Id.* at 3.  After the incident, Plaintiff was issued a disciplinary report and placed in administrative confinement where he was forced to sleep on "a damaged mattress . . . that was torn and ripped."  *Id.*

## II.   PLAINTIFF IS A 3-STRIKER

Under the Prison Litigation Reform Act ("PLRA"), a prisoner seeking to proceed *in forma pauperis* cannot do so if he has filed at least three (3) cases which have been dismissed for failure to state a claim or as frivolous or malicious.  Specifically, 28 U.S.C. § 1915(g), commonly referred to as the "three strikes" provision, provides:

> In no event shall a prisoner [proceed *in forma pauperis* in a civil action] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

On page 2 of the complaint, Plaintiff admits he is a 3-striker and contends he "does not have to file [in] forma pauperis [because] of 28 U.S.C. 1915(g). *Id.* at 1. Thus, for Petitioner to proceed *in forma pauperis* he must show he is under imminent danger of serious physical injury, a showing he cannot meet.

The imminent danger exception is construed narrowly and is available only "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Plaintiff cannot rely on past conduct to establish imminent danger. Instead, Plaintiff must demonstrate he was in imminent danger of serious physical injury *at the time he*

*initiated this proceeding. See Medberry v. Butler,* 185 F.3d 1189 (11th Cir. 1999) (holding that, to fall within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court).

Plaintiff has failed to make that showing here.  As set forth above, Plaintiff's complaint is based solely on past conduct and past incidents of harm.  Plaintiff does not allege the existence of a real specific ongoing threat of harm.  Plaintiff, therefore, is not entitled to proceed *in forma pauperis* under the imminent danger exception to § 1915(g) and this action should be dismissed on the ground that Plaintiff did not pay the full filing fee at the time he initiated this action.  *See Vanderberg*, 259 F.3d at 1324.

Finally, in addition to the complaint, Plaintiff has also filed a motion for miscellaneous relief, seeking to subpoena video and audio evidence, ECF Doc. 2, a letter requesting "indigent status", which was docketed as a motion, ECF Doc. 4, two documents titled "facts and procedural basis, ECF Docs. 5 and 6, and a motion for speedy trial, ECF Doc. 10.  Given the undersigned's recommendation of dismissal, these motions are moot.  Regardless, the motions also fail on their merits.

First, ECF Doc. 2, docketed as a "motion seeking miscellaneous relief" is titled "Facts and Procedural Basis," and seeks the issuance of a subpoena to Defendants to produce video and audio recordings.  The motion is denied because discovery is premature and a subpoena is used for discovery from non-parties, not a

party. Second, as set forth above, Plaintiff is not entitled to proceed *in forma pauperis* and, regardless, Plaintiff's letter does not constitute a complete motion to proceed *in forma pauperis,* and lacks information sufficient for the Court to determine Plaintiff's ability to pay the filing fee. Third, the Speedy Trial Act does not apply to civil proceedings.

Accordingly, it is ORDERED:

1. Plaintiff's "Motion to Subpoena Video and Audio Evidence", (ECF Doc. 2), is DENIED.

2. Plaintiff's letter, docketed as a motion to proceed *in forma pauperis* and motion to appoint counsel, (ECF Doc. 4), is DENIED.

3. Plaintiff's "Petition for Writ of Mandamus Motion for Speedy Trial", (ECF Doc. 10), is DENIED.

It is further respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's abuse of the judicial process and because he is a three-striker under 28 U.S.C. § 1915(g).

2. The clerk be directed to close this file.

Done and Ordered this 27th day of December, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.